IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE:   Christine I. Carter | * | CASE NO.: 25-12919 |
| Debtor | * | Chapter 7 |
| | * | |
| Christine I. Carter | * | Adversary No.: |
| Plaintiff | * | |
| vs. | * | |
| MECU of Baltimore, Inc. | * | |
| Defendant | * | |

**ADVERSARY PROCEEDING**

**COMPLAINT TO AVOID A PREFERENTIAL TRANSFER
PURSUANT TO 11 U.S.C. §§ 522 (h), 547 (b) AND 550 (a)(1)
TO RECOVER WAGE GARNISHMENT DEDUCTIONS OF DEBTOR**

   NOW COMES Plaintiff/Debtor, by and through counsel, Charlene A. Wilson, respectfully requesting that this Honorable Court issue an Order to avoid and recover a preferential transfer pursuant to 11 U.S.C. §§ 522 (h), 547 (b) and 550 (a)(1), and in support thereof states as follows:

   1. That this Court has jurisdiction in this matter pursuant to 11 U.S.C. §§ 522 (h), 547 (b) and 550 (a)(1) and Bankruptcy Rule 7001.

   2. That on April 4, 2025, the Debtor filed a Petition for Bankruptcy Relief in this Court.

3. That prior to the filing of said Petition, the Defendant, MECU of Baltimore, Inc. obtained a Writ of Garnishment of Wages against the Debtor pursuant to a monetary Judgment entered for a debt created prior to the filing of the bankruptcy.

4. That pursuant to said Writ of Garnishment, the debtor's employer, garnished the debtor's wages. To the best knowledge of the debtor, all wages which were garnished have been received by the Defendant.

5. That some or all of the wages garnished occurred within 90 days prior to the filing of the debtor's bankruptcy Petition and while the debtor was insolvent.

6. That the receipt of the garnished wages enabled the Defendant to receive more under the distribution scheme of Chapter 7 than they would have received if the transfer had not been made.

7. The aggregate amount of the garnishments within the 90 days prior to the bankruptcy filing totaled more than $600.00.  The preference period garnishment was approximately $986.93.

8. That the trustee has not attempted to avoid the transaction.

9. That the transfer of the garnished wages was not voluntary.

10. That the property (garnished wages) was not concealed by the debtor.

WHEREFORE, the Plaintiff/Debtor respectfully requests the following:

A.That the Court enter an Order in favor of the Plaintiff and against the Defendant to Avoid and Recover the Preferential Transfer;

B.That the Court award any and such further relief as the nature of this cause may require.

/s/ *Charlene A. Wilson*
Charlene A. Wilson, Esquire
100 S. Charles Street, Suite 1740
Baltimore, Maryland 21201
(410) 332-8000
charlene.bankruptcyattorney@gmail.com
Attorney for the Debtor
Bar No. 11947
